UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EILEEN CARRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-0157 |
| | ) | Judge Brown |
| DEBRA GONZALEZ, M.D., | ) | |
| | ) | |
| Defendant. | ) | |

To: The Honorable Aleta A. Trauger, United States District Judge

REPORT AND RECOMMENDATION

For the reasons stated below, the undersigned RECOMMENDS that the defendant's motion for summary judgement (Docket Entry No. 10) be granted, that this action be dismissed, and that the plaintiff's motion for an extension of time to conduct discovery (Docket Entry No. 16) be denied as moot.

I. INTRODUCTION

The plaintiff, a resident of Los Angeles, California, brings this action under 28 U.S.C. § 1332 alleging that the defendant, a resident of Davidson County, Tennessee, made defamatory remarks about her. This action was referred to the Magistrate Judge on March 6, 2006:

> for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1)(A) and (B) and to conduct any necessary proceedings under Rule 72(b), Fed. R. Civ. P.

(Docket Entry No. 3) The case was reassigned to the undersigned on April 12, 2006. (Docket Entry No. 5)

II. BACKGROUND

The plaintiff alleges that the defendant defamed her causing the party to whom the allegedly defamatory statements were made to conclude that the plaintiff was guilty of the crimes of trespass,

burglary, and larceny. (Docket Entry No. 1, ¶¶ 5-7, pp. 1-2) According to the plaintiff, the allegedly defamatory statements were made "[o]n 29 August 2005 in Nashville[,] Tennessee between the hours of 8:00 am and 2:00 pm Central Standard Time . . . ." (Docket Entry No. 1, ¶ 8, p. 2) The plaintiff alleges that the defendant told Mindy Morris, an Assistant District Attorney General (ADAG) for Davidson County, that, while the plaintiff and defendant were in Italy, the plaintiff "broke into [the] defendant[']s hotel room and stole property belonging to [the] defendant and that [the] plaintiff entered [the] defendant[']s hotel room uninvited." (Docket Entry No. 1, ¶¶ 8-9, p. 2)(bold and italics omitted) The plaintiff further alleges that ADAG Morris repeated the defendant's accusation to David Raybin, the plaintiff's attorney in Nashville. (Docket Entry No. 1, ¶ 9, p. 2) The plaintiff seeks three million dollars ($3,000,000.00) in damages.

The defendant filed an answer on April 10, 2006. (Docket Entry No. 4) In her answer, the defendant raised three affirmative defenses, including the affirmative defense that the statements at issue "occurred in the context of privileged communications involving plea negotiations regarding the criminal harassment action then pending against the plaintiff, for which [the defendant] was the private prosecutor." (Docket Entry No. 4, p. 2)

On June 23, 2006, more than two months after the defendant filed her answer, the plaintiff filed a motion for default judgment. (Docket Entry No. 8) The plaintiff's motion for default judgment was denied on July 12, 2006. (Docket Entry No. 13)

On July 11, 2006, the defendant filed a motion for summary judgment, a supporting memorandum of law, and a concise statement of material facts. (Docket Entry Nos. 10-12) Attached as Exhibit A to the defendant's motion for summary judgment is the sworn affidavit of ADAG Morris which provides, *inter alia*, that:

> During the course of [ADAG Morris's] employment as Assistant District Attorney, [she] conducted the criminal prosecution and related investigation of

2

> Eileen Carry on charges of harassment . . . [that] . . . Debra Gonzalez initiated . . . on May 11, 2005. . . .
>
> On August 29, 2005, between the hours of 8:00 AM and 2:00 PM Central Time, [ADAG Morris] engaged in settlement discussions with Eileen Carry's attorney in an effort to settle the pending criminal proceedings against her . . . [and that] Debra Gonzalez participated in the August 29, 2005 settlement discussions. . . .
>
> All statements of Debra Gonzales regarding Eileen Carry that were made in [ADAG Morris's] presence on August 29, 2005, and that are described in Ms. Carry's Complaint . . . were made during the course of the settlement discussions related to the pending criminal proceeding pending against Ms. Carry.

(Docket Entry No. 10, Ex. A)

On August 17, 2006, seventeen (17) days after the time to reply had run under Rule LR7.01(b), Local Rules of Court, the plaintiff filed a response to the defendant's motion for summary judgment and a personal affidavit. (Docket Entry Nos. 14-15) The thrust of the plaintiff's affidavit is that the settlement proceedings concluded on August 26, 2005; therefore, the defendant's alleged statements on August 29, 2005 were made outside the context of the settlement proceedings. (Docket Entry No. 15) The following day, August 18, 2006, the plaintiff filed a motion for an extension of time to complete discovery.[1] (Docket Entry No. 16)

---

[1] In her motion, the plaintiff claims – without benefit of supporting affidavits – that she requires an extension of time to conclude discovery because she suffered fractures to both of her feet in July 2006. (Docket Entry No. 16, p. 1) The scheduling Order, entered April 21, 2006, required that discovery be completed not later than August 21, 2006. (Docket Entry No. 6, p. 2) In her response to the plaintiff's motion for an extension of time, the defendant argues that the plaintiff has "taken no steps to conduct discovery, and has not responded to any of defense counsel's communications to discuss the case," since the scheduling Order was entered. (Docket Entry No. 18, p. 1) The defendant also argues that, even if the plaintiff suffered fractures to her feet as she claims, the grounds for the plaintiff's requested extension of time is "questionable at best." (Docket Entry No. 18, p. 3) The plaintiff did not file a reply to the defendant's response in opposition to the request for an extension of time.

3

On August 23, 2006, the defendant filed a reply to the plaintiff's response to the motion for summary judgment. (Docket Entry No. 17) Attached to her reply, the defendant has provided a copy of an agreed Order entered in the General Sessions Court for Davidson County. (Docket Entry No. 17, Ex. A) The text of the agreed Order, signed by ADAG Morris and attorney Raybird is quoted below in its entirety:

> Comes Now The Office of the District Attorney General, along with defense counsel David Raybin, to amend the order issued August 29, 2005, to include a stay away order from the victim Debra Gonzales. Both parties agree that this was to be part of the original order, but was not included in the order due to clerical error. The parties further agree that on August 29, 2005, the Defendant's presence was waived.

(Docket Entry No. 17, Ex. A)

Absent further pleadings in this matter, the defendant's motion for summary judgment is properly before the Court.

## III. ANALYSIS

Summary Judgment is appropriate only where "there is no genuine issue as to any material fact . . . and the moving party is entitled to summary judgment as a matter of law." Rule 56©, Fed. R. Civ. P., *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Newman v. Federal Express Corp.*, 266 F.3d 401, 404-05 (6th Cir. 2001). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the plaintiff. *Id.* at 249-50. Inferences from underlying facts "must be viewed in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir. 2001), *cert. denied*, 534 U.S. 896 (2001).

4

In considering whether summary judgment is appropriate, the district court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon County*, 203 F.3d 426, 431 (6th Cir. 2000), *cert. denied*, 531 U.S. 875 (2000). If there is a "genuine issue of material fact" then summary judgment should be denied. *Id*. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 566 (6th Cir. 2001)(quoting *Celotex Corp.*, 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). To defeat summary judgment, the party opposing the motion "must present 'affirmative evidence' to support his/her position; a mere 'scintilla of evidence' is insufficient." *Bell v. Ohio State University*, 351 F.3d 240, 247 (6th Cir. 2003)(quoting *Anderson*, 477 U.S. at 252).

A federal court with diversity jurisdiction is required to apply the substantive law of the state in which a state tort claim is raised, *Hostetler v. Consol. Ry. Corp.,* 123 F.3d 387, 390 (6th Cir.1997) (citing *Erie R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938)), unless the law of another state is specifically implicated, *Hisrich v. Volvo Cars of N. America, Inc.*, 226 F.3d 445, 449 (6th Cir.2000). As the law of another state is not implicated, the substantive law of Tennessee will be applied in this action. Although the district court is required to apply the substantive law of Tennessee in this action, the district court is bound to apply federal procedural rules in a diversity action even if those rules differ from otherwise applicable state rules – and even if the difference is outcome determinative. *Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir.1997); *Roskam Baking Co., Inc. v. Lanham Mach. Co., Inc.,* 288 F.3d 895, 901 (6th Cir.2002).

5

The first question that must be considered in addressing the defendant's motion for summary judgment is whether the plaintiff's affidavit (Docket Entry No. 15) is sufficient to establish a genuine issue of material fact thereby defeating the defendant's motion for summary judgment. The defendant argues that the plaintiff's affidavit is insufficient to establish a genuine issue of material fact because the factual allegations asserted therein are not based on the plaintiff's personal knowledge. Because this question is procedural in nature, federal law must be applied in determining the answer.

The law is well established that a party opposing a motion for summary judgment cannot use hearsay or other inadmissible evidence to create a genuine issue of material fact. *Weberg v. Franks,* 229 F.3d 514, 526 n. 13 (6th Cir. 2000) (disregarding many of the plaintiff's allegations because they were based upon hearsay rather than personal knowledge); Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.").

The thrust of the plaintiff's affidavit is that the state judicial proceedings relevant to this matter concluded on August 26, 2005 and not on August 29, 2005. If true, the plaintiff's affidavit would establish that the defendant made the alleged defamatory statements after the legal proceedings against the plaintiff had concluded. However, the plaintiff's affidavit clearly relies on matters that are not based on her personal knowledge. Specifically, the plaintiff's affidavit relies on hearsay rather than personal knowledge, *i.e.*, telephone calls/e-mails from attorney Raybin or his paralegal. Consequently, the plaintiff's affidavit is insufficient to establish a genuine issue of material fact and, as such, it cannot defeat the defendant's motion for summary judgment.[2]

---

[2]Even if a tentative plea agreement between her attorney and ADAG Morris was reached on August 26, 2005, ADAG Morris would still meet with Gonzalez, as the victim, to discuss this

6

Interestingly enough, plaintiff has not filed an affidavit from attorney Raybin himself.

Having established that the plaintiff's affidavit is insufficient to defeat the defendant's motion for summary judgment, the next question is whether the defendant's alleged statements were "absolutely privileged" because they were "made during the course of judicial proceedings" as the defendant maintains. (Docket Entry No. 11, pp. 3-7) To establish a *prima facie* case of defamation under Tennessee law the plaintiff must show that the defendant "published" the alleged statements with the knowledge that those statements were false and defaming to the plaintiff, or that the defendant "published" those statements with reckless disregard for the truth of those statement or that the defendant negligently failed to ascertain the truth of the statements. *Sullivan v. Baptist Memorial Hospital,* 995 S.W.2d 569, 571 (Tenn. 1999). However, in Tennessee, "statements made in the course of judicial proceedings which are relevant and pertinent to the issues are absolutely privileged, and therefore cannot be used as a basis for a libel action for damages." *Jones v. Trice,* 210 Tenn. 535, 538, 360 S.W.2d 48, 50 (Tenn.1962); *see also Myers v. Pickering Firm, Inc.,* 959 S.W.2d 152, 159, 161 (Tenn. App. 1997)(standing for he proposition that "communications preliminary to proposed or pending litigation" are absolutely privileged). Absolute privilege attaches even if the statements made during judicial proceedings are "known to be false or even malicious." *Jones,* 210 Tenn. at 538, 360 S.W.2d at 50 (citing *Hayslip v. Wellford,* 195 Tenn. 621, 263 S.W.2d 136 (Tenn. 1953)). For the defendant to be entitled to summary judgment based on the defense asserted, the alleged statements must have been made in the course of judicial proceedings and the statements must have been pertinent or relevant to the issue involved in the judicial

---

plea agreement. Additionally, until confirmed in an order by the Court, the plea agreement by itself would not immediately conclude the underlying criminal proceedings.

7

proceeding against the plaintiff. *See Jones,* 360 S.W.2d at 52.[3]

For the reasons previously discussed, the plaintiff's affidavit is insufficient to establish that the judicial proceedings concluded prior to August 29, 2005 when the defendant is alleged to have made the statements at issue. Moreover, the plaintiff has provided no other proof that the alleged defamatory remarks were not made during the course of the settlement proceedings. On the other hand, Assistant District Attorney Morris's affidavit, and the copy of the agreed Order provided by the defendant, both support the conclusion that the statements that gave rise to this action were, in fact, made during the course of the settlement discussions related to the criminal charges brought against the plaintiff by the defendant. (Docket Entry Nos. 1, ¶ 8, p. 2; 10, Ex. 1; 14, pp. 1-2; 17, Ex. A) For these reasons, the undersigned concludes that the defendant's alleged statements were made while the judicial process at issue was ongoing. The only remaining question is whether the alleged statements were pertinent or material to those proceedings.

"Relevant" means "reasonably relevant to the judicial proceedings" at issue. *Jones,* 360 S.W.2d at 54. Pertinency and relevance are questions of law to be decided by the Court. *Id.* at 53 (citing 33 *Am.Jur.* § 150, at 146). The defendant asserts that the statements were relevant to the ongoing judicial proceedings against the plaintiff. (Docket Entry Nos. 10, ¶ 2, p. 1; 11, pp. 6-7) Although the plaintiff challenges the timing of the defendant's alleged statements, *i.e.*, whether the statements were made during or after the judicial proceedings, she does not argue that the statements were not pertinent or relevant to those proceedings, nor can such an inference be liberally construed from the pleadings before the Court. Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), the

---

[3]For an additional discussion of defamation and privilege, see Docket Entry 11 (Defendant's Attorney's Memorandum of Law) which is well written and well taken and need not be repeated at length.

8

less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)(citing *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir. 1983)). Based on the foregoing, the undersigned concludes that the alleged statements at issue were both pertinent and relevant.

As reasoned herein, the undersigned concludes that the statements the defendant is alleged to have made were made during the course of judicial proceedings initiated by the defendant against the plaintiff and that those alleged statements were both relevant and pertinent to those judicial proceedings. For these reasons, the defendant's alleged statements were absolutely privileged under Tennessee law and, as such, those alleged statements cannot be used as grounds for the plaintiff's defamation action against the defendant. Consequently, the defendant is entitled to judgment as a matter of law.

## IV. CONCLUSION

For the reasons stated above, the undersigned RECOMMENDS that the defendant's motion for summary judgement (Docket Entry No. 10) be granted, that this action be dismissed, and that the plaintiff's motion for an extension of time to conduct discovery (Docket Entry No. 16) be denied as moot.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have ten (10) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this <u>19th</u> day of September, 2006.

9

/S/ Joe B. Brown
_____
Joe B. Brown
Magistrate Judge

10